IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN D. THREATS,

    Petitioner,

  v.

WARDEN, TRUMBULL
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-5020
JUDGE SARAH D. MORRISON
MAGISTRATE JUDGE CHELSEY VASCURA

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss, Petitioner's Response in Opposition, and the parties' exhibits. For the reasons that follow, it is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 11) be **GRANTED** and that this action be **DISMISSED.**

### I.    BACKGROUND

Petitioner challenges his convictions pursuant to his guilty plea on charges of murder and tampering with evidence in the Jefferson County Court of Common Pleas. On December 18, 2014, the trial court sentenced Petitioner pursuant to the joint recommendation of the parties to an aggregate term of eighteen years to life incarceration. (ECF No. 10, PAGEID # 49-52.) Petitioner did not file a timely appeal. On March 16, 2015, he filed a motion for a delayed appeal. (PAGEID # 53.)[1] The appellate court granted the motion for a delayed appeal. (PAGEID # 81.) On December 19, 2016, the appellate court affirmed the trial court's judgment,

---

[1] As cause for his untimely filing, Petitioner stated that neither the trial court nor his attorney had advised him of his right to appeal. (ECF No. 10, PAGEID # 58.)

but reversed Petitioner's sentence on tampering with evidence and remanded the case to the trial court for re-sentencing in regard to imposition of post-release control. (*Judgment Entry*, ECF No. 10, PAGEID # 123, 125.) Petitioner apparently did not file an appeal. On March 17, 2017, the trial court re-imposed an aggregate term of 18 years to life incarceration. (PAGEID # 253.) Petitioner did not file an appeal.

Meanwhile, on June 19, 2015, Petitioner filed a petition for post-conviction relief in the state trial court, asserting that his guilty plea was not voluntary due to the ineffective assistance of trial counsel and that his attorney suffered a conflict of interest. (PAGEID # 141-42.) On March 3, 2016, the trial court denied the post-conviction petition. (PAGEID # 198.) Petitioner did not file a timely appeal.[2] On July 24, 2017, he filed a motion for a delayed appeal. (PAGEID # 231.) On September 8, 2017, the appellate court denied the motion for a delayed appeal as not permissible in post-conviction proceedings. (PAGEID # 252.)

On November 7, 2017, Petitioner filed a motion to withdraw his guilty plea, again asserting that his attorney suffered a conflict of interest and that his guilty plea was coerced. (PAGEID # 256.) On February 6, 2018, the trial court denied that motion. (PAGEID # 299.) On September 19, 2018, the appellate court affirmed the trial court's decision. (*Opinion and Judgment Entry*, PAGEID # 335.) On January 23, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Entry,* PAGEID # 386.)

On October 23, 2019, Petitioner executed this habeas corpus petition. (*Petition,* ECF No. 1, PAGEID # 19.) He asserts that he was denied the effective assistance of counsel because his attorney suffered a conflict of interest (claim one); that he was denied the effective assistance of

---

[2] On June 28, 2016, the trial court vacated its March 3, 2016 Entry denying the post-conviction petition for the purpose of reinstating Petitioner's time to appeal. The appellate court found that to be improper, and on November 28, 2016, dismissed Petitioner's subsequent appeal pursuant to the trial court's reinstatement as untimely. (*Judgment Entry*, PAGEID # 227-28.)

2

counsel based on his attorney's reliance on an unqualified paralegal (claim two); and that his guilty plea was involuntary and coerced (claim three). It is the position of the Respondent that this action should be dismissed as time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

## III. APPLICATION

Here, Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on April 16, 2017, thirty days after the trial court's March 17, 2017 re-sentencing, when the time period expired to file an appeal. *See Searcy v. Carter*, 246 F.3d 515, 518–19 (6th

Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App. R. 4(A). The statute of limitations began to run on the following day, and ran for a period of 204 days, until November 7, 2017, when Petitioner filed a motion to withdraw his guilty plea. That action tolled the running of the statute of limitations under § 2244(d)(2) until January 23, 2019, when the Ohio Supreme Court dismissed the appeal. *See Coffey v. Warden*, No. 1:06-cv-717, 2007 WL 951619, at *4-5 (S.D. Ohio Mar. 28, 2007) (citing *Goodballet v. Mack*, 266 F.Supp.2d 702, 706 (N.D. Ohio 2003)) (other citations omitted). The statute of limitations began to run on the following day and expired 161 days later, on July 5, 2019.[3] Petitioner waited approximately 110 days, until October 23, 2019, to execute this habeas corpus petition. He does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that the statute of limitations did not begin to run until January 23, 2019, because his conviction was void, and his guilty plea was not knowing, intelligent, and voluntary, based on the ineffective assistance of counsel. Alternatively, Petitioner maintains that he acted diligently in pursuing relief by filing his motion to withdraw his guilty plea upon obtaining the transcripts from his 2016 state post-conviction evidentiary hearing. Petitioner refers to his *pro se* incarcerated status as a prisoner who lacks understanding of the law or the requirements imposed under 28 U.S.C. § 2244(d) on the filing of federal habeas corpus petitions. Additionally, he argues that the statute of limitations should not begin to run until the time period

---

[3] The date is extended by one day due to the holiday on July 4, 2019.

expired for him to file a petition for a writ of certiorari from the Ohio Supreme Court's dismissal of the appeal on his motion to withdraw his guilty plea.  (*Reply,* ECF No. 14.)

Petitioner's argument that his judgment was void because his guilty plea was invalid does not provide a basis to delay the start date for the running of the statute of limitations under § 2244(d).

> [T]he fact that the state court judgment may have been procured in violation of state or federal law does not . . . render the judgment null under § 2244(d)." [*Frazier v. Moore*, 252 F. App'x 1, 5 (6th Cir. 2007) ]. Rather,
>
>> In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even prima facie correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined.
>
> *Id.; see also Williams v. Knab,* No. 2:11cv00537, 2011 WL 2551030, at *23 (S.D. Ohio June 24, 2011) (same).
>
> Thus, it does not matter, for purposes of determining if the statute of limitations has run that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable[.]

*Weaver v. Chillicothe Corr. Inst.*, No. 2:13-cv-790, 2013 WL 6116897, at *1-2 (S.D. Ohio Nov. 20, 2013) (quoting *Worthy v. Warden, Chillicothe Corr. Inst.*, No. 2:12–cv–652, 2013 WL 4458798, at *2 (S.D. Ohio Aug.19, 2013).  Moreover, the bases for Petitioner's claims were known to him at the time of entry of his guilty plea.  Nothing prevented Petitioner from earlier raising his claims.  The motion to withdraw guilty plea tolled the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(2) only during the time period that it remained pending.  *See Aquila v. Eppinger*, No. 1:18-cv-1118, 2019 WL 6221289, at *7 (N.D.

5

Ohio Feb. 27, 2019) (citing *Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("the filing of a petition for certiorari . . . does not toll the statute of limitations under § 2244(d)(2)" for post-conviction proceedings); *Ru Liu v. Kelly*, No. 5:11-cv-2027, 2012 WL 3112401, at *7 (N.D. Ohio July 11, 2012) ("Petitioner was not entitled to the additional ninety days of tolling in order to seek a writ of certiorari in the United States Supreme Court because a motion to withdraw a guilty plea is part of collateral review, not direct review."), *report and recommendation adopted*, 2012 WL 3112397; *Brown v. Timmerman-Cooper*, No. 3:10-cv-1941, 2011 WL 5966871, at *3 (N.D. Ohio Aug. 18, 2011) ("Here, the matter under review was a [m]otion to withdraw his guilty plea and to vacate or set aside judgment of conviction or sentence—a collateral review measure. Therefore, Petitioner is not entitled to an additional 90 days after the dismissal by the Ohio Supreme Court."), *report and recommendation adopted*, 2011 WL 5966867.

AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Equitable tolling of the statute of limitations, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010) (citing *Pace*, 544 U.S. at 418). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in

6

preserving his legal rights, courts are much less forgiving.  *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003).  A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations.  *Hall*, 662 F.3d at 751 (citation omitted); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D. Mich. 2002) ("Neither a prisoner's pro se status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling.").  Rather, these are conditions typical for many prisoners and do not rise to the level of exceptional circumstances.  *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

 In short, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  *Holland*, 560 U.S. at 649.  His petition must therefore be dismissed as untimely.

### IV. RECOMMENDED DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 11) be **GRANTED** and that this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE