IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN D. THREATS,

    Petitioner,

    v.

WARDEN, TRUMBULL
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-5020
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On May 6, 2020, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's Motion to Dismiss (ECF No. 11) be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  (ECF No. 15.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 20.)  Petitioner raises the same arguments he previously presented.  In particular, Petitioner again asserts that he acted diligently in pursuing relief and maintains that the statute of limitations does not bar review of his claims because his judgment is void or based upon application of equitable tolling.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  The Court finds Petitioners arguments unavailing for the reasons set forth in the Magistrate Judge's Report and Recommendation.  Petitioner's Objection (ECF No. 20) is therefore **OVERRULED**, the Report and Recommendation (ECF No. 15) is **ADOPTED** and **AFFIRMED**, Respondent's Motion to Dismiss (ECF No. 11) is **GRANTED**, and this action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, –––U.S. –––. –––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred.  The Court therefore **DECLINES** to issue a certificate of appealability and **CERTIFIES** that the appeal would not be in good faith such that any application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**